UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELBERT MITCHELL,

               Plaintiff,

        -against-

ATTORNEY GENERAL OF THE STATE OF
NEW YORK,

              Defendant.

25-CV-6462 (GBD)

ORDER OF DISMISSAL

**GEORGE B. DANIELS, United States District Judge:**

Plaintiff, who currently is incarcerated at Sing Sing Correctional Facility, is proceeding

*pro se* and *in forma pauperis* ("IFP").[1] He filed this action under 42 U.S.C. § 1983, alleging that

his personal property was lost during his transfer from Green Haven Correctional Facility in

2022. The Court dismisses the amended complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the amended complaint that Plaintiff filed of his own accord and not in response to a court order.[2] (ECF 3.) On October 16, 2022, an official with the New York State Department of Corrections and Community Supervision ("DOCCS") informed Plaintiff that the next day, he was going to be transferred from Green Haven Correctional Facility to Sing Sing Correctional Facility. (ECF 3 at 2.) He asked what would happen with his personal property, and the official said that Plaintiff's property would "follow" him to Sing Sing.

---

[2] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(*Id.*) Plaintiff was transferred the next day, but his property never arrived at Sing Sing, leaving him without even a "change of underwear." (*Id.*) Plaintiff lost everything he owned, including a hot pot, radio, fan, beard trimmer, headphones, lamp, bedding, clothing, toiletries, religious books and items, legal books and documents, and personal items such as family photographs and copies of his parents' obituaries. (*Id.* at 2-3.) Plaintiff filed grievances and filed a claim in the New York Court of Claims. (*Id.* at 3.) Prison officials put $190 into Plaintiff's inmate account as compensation, but he seeks $5,000 for the lost property. (*Id.*)

## DISCUSSION

The Supreme Court has held that the negligent or intentional deprivation of a prisoner's property may not be the basis for constitutional claims if a sufficient post deprivation remedy is available to address the claim. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988). In New York, a claim for damage to an incarcerated individual's personal property is governed by New York State Court of Claims Act § 10(9); an appeal from such an action may be taken to the appropriate Appellate Division pursuant to Section 24 of the Act. *See Pough v State*, 582 N.Y.S.2d 590, 592 (N.Y. Ct. Cl. 1992). The "existence of this adequate post-deprivation state remedy would [precludes plaintiff's] due process claim under § 1983 [for lost personal property]." *Davis v. New York*, 311 F. App'x 397, 400 (2d Cir. 2009); *see also Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001) (holding that "New York in fact affords an adequate post-deprivation remedy in the form of a Court of Claims action."); *Diaz v. Coughlin*, 909 F. Supp. 146, 150 (S.D.N.Y. 1995) (dismissing property deprivation due process claim because incarcerated individual could bring action in Court of Claims).

Here, New York state courts provide an adequate post-deprivation remedy for incarcerated individuals seeking compensation for lost property, and Plaintiff has not alleged

3

facts to demonstrate that the available state court remedy is inadequate. The facts alleged in the amended complaint thus do give rise to a due process claim under Section 1983, and the Court therefore dismisses the amended complaint for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to any claims Plaintiff might file in state court.

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to any claims Plaintiff might file in

state court. The Court declines to exercise its supplemental jurisdiction of any state law claims

Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   MAY 0 3 2026
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　GEORGE B. DANIELS
　　　　　　　　　　　　　　　　　　　United States District Judge

5